FILED

2015 FEB 13 AM 10: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____

SERGIO ANTONUCCI, IN PRO PER
4 Riviera
Coto De Caza, Ca 92679
(949) 302-4857

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| SERGIO ANTONUCCI <br><br> **PLAINTIFF** <br><br> Vs. <br><br> HSBC HOLDINGS, N.A. <br> FREDDIE MAC, <br> OCWEN LOAN SERVICING LLC, <br><br><br> **DEFENDANTS** | Case No. 8:14-CV-01542DOC (ANX) <br><br> **District Judge David O. Carter** <br> **Magistrate Judge Arthur Nakazato** <br><br> PLAINTIFF'S OPPOSITION TO FREDDIE MAC <br> MOTION TO DISMISS FIRST AMENDED COMPLAINT <br><br><br><br> Date: February 17th, 2015 <br> Time: 8:30 a.m. <br> Ctrm: 1053 <br><br><br><br> UNLIMITED CIVIL |

**INTRODUCTION CONTRARY TO DEFENDANT'S MOTION TO DISMISS:**

HSBC IS NOT A FORECLOSING BENEFICIARY OF MY LOAN.

OCWEN LOAN SERVICING IS NOT A FORECLOSING SERVICER OF MY LOAN.

I DO HAVE STANDING TO PURSUE MY CLAIMS.

MY FAC DOES COMPORT FULLY WITH RES JUDICATA DICTATES.

MY 12(b)(6)LEGAL STANDARD IS ROCK TO DEFENDANT'S CONFETTI OF MINORITY VIEWS.

HSBC IS NOT A FORECLOSING BENEFICIARY OF MY LOAN

**FACTUAL BACKGROUND**

* THE MERS STORY--THROUGH DEFENDANT'S EXHIBITS AND MY EVIDENCE

1. A. DEFENDANT'S EXHIBIT 2 IS A PURPORTED ASSIGNMENT OF MY DEED OF TRUST FROM MERS TO HSBC ON MARCH 21, 2011.   DEFENDANT DOES NOT EXPLAIN THAT THE MARCH 21, 2011 "ASSIGNMENT OF DEED OF TRUST" IS ACTUALLY A XEROX COPY OF AN ASSIGNMENT OF DEED OF TRUST RECORDED FIVE YEARS EARLIER IN 2006.  EXHIBIT 2 IS PART OF DEFENDANT'S "JUDICIAL NOTICE" PACKAGE.

1. B. ON MAY 17TH, 2006, MERS RECORDED THAT EXACT DEED OF TRUST TO HSBC.  IT IS ALL PART OF DEFENDANT'S EXHIBIT 2.

1. C. IN FACT, EXHIBIT 2 SHOWS THAT OCWEN LOAN SERVICING PREPARED THE ASSIGNMENT OF MY DEED OF TRUST ON MAY 9TH, 2006, RECORDED THIS ASSIGNMENT OF MY DEED OF TRUST ON MAY 17TH, 2006, AND PUT LANGUAGE INTO THE ASSIGNMENT TO HAVE IT TAKE EFFECT ON JULY 27TH, 2006 EVEN THOUGH OTHER LANGUAGE IT PUT INTO THE ASSIGNMENT SHOWED THAT BEFORE JULY 27TH, MY HOME WITH ITS DEED OF TRUST RUNNING HARD TO KEEP UP, HAD PASSED THROUGH THE 100% OWNERSHIP OF D & B STRUCTURED PRODUCTS(THE ASAP 4 POOL ORIGINATOR), ACE SECURITIES(THE POOL DEPOSITOR)AND WAS BEING PROCESSED ON JULY 27TH TO BE SOLD--ALL 100%--TO DEUTSCHE BANK SECURITIES, INC. ON JULY 31ST, THEN RESOLD THAT SAME DAY WITH 50.2% OF THE AGGREGATE BENEFICIAL INTEREST OF SAID POOL GOINGTO FREDDIE MAC.

1. E. ALSO, THE PURPORTED LENDER, TO MY KNOWLEDGE, HAS NEVER SIGNED MY DEED OF TRUST (DEFENDANT'S EXHIBIT 1).  EXHIBIT 2 SHOWS MY PURPORTED LENDER'S ADDRESS AS ILLINOIS, AND MERS ADDRESS, OF COURSE, IS IN VIRGINIA WHICH SUGGESTS THAT SAID DEED OF TRUST MAY NOT HAVE BEEN PERFECTED IN CALIFORNIA.

2. A ACCORDING TO THE JUNE 11, 2011 TESTIMONY OF BRANDI PEEPLES, MERSCORP HOUSE

COUNSEL: AT A FEBRUARY 11, 2011, MERS MEMBERSHIP MEETING, MERS GAVE ITS MEMBERSHIP MATERIALS TO IMPLEMENT MERS' IMMINENT AGREEMENT WITH THE U.S. TREASURY TO STOP ITS MEMBERSHIP FROM INITIATING OR PROCESSING FORECLOSURES OF MERS-RELATED PROPERTIES IN MERS OWN NAME; AND MERS SPECIFICALLY URGED ITS MEMBERSHIP TO TAKE EVERY POSSIBLE STEP TO AVOID INITIATING OR PROCESSING FORECLOSURES OF MERS-RELATED PROPERTIES DURING THE TIME BETWEEN FEBRUARY 11 AND JULY 5, 2011 THE FEDERAL DEADLINE FOR MERS MEMBERSHIP RULE "8" BEING FULLY REVISED TO REFLECT THIS FEDERALLY-MANDATED CHANGE.(**BRANDI PEEPLES, MERSCORP GENERAL COUNSEL, IN THE MATTER OF MERS RESIDENTIAL FORECLOSURE AND DOCUMENT IRREGULARITIES, SUBMITTED JUNE 30TH, 2011 BEFORE THE NEW JERSEY SUPERIOR COURT AS "CERTIFICATION OF MERS RESPONSE TO ADMINISTRATIVE ORDER 01-2010".)**

2.B. MERSCORP COUNSEL PEEPLES ALSO TESTIFIED THAT MERS EXECUTIVES AND THEIR NEW MEMBERSHIP MATERIALS SAID EXPLICITY THAT ALL MERS MEMBERS,LIKE HSBC, WOULD HAVE TO DO AS SUBSTITUTE FORECLOSERS WOULD BE TO "SIGN THEIR ASSIGNMENT".(IBID, 1)

2.C. MERSCORP COUNSEL PEEPLES MADE IT UNEQUIVOCALLY CLEAR IN HER SWORN TESTIMONY THAT THE PURPOSE OF SAID ASSIGNMENT WAS SIMPLY THAT IT BE EXECUTED; THAT ITS EXECUTION, IN FACT, CONSTITUTED A MEMBER'S FULL PEFORMANCE. SHE ADDED THAT THE GOAL OF MERS WAS TO EXECUTE SUCH ASSIGNMENTS BEFORE THE CONSENT ORDER TOOK EFFECT, WHICH DATE WAS UNKNOWN AT THE TIME, BUT THOUGHT TO BE IMMINENT.(IBID, 2.)

2. D. IN CONSIDERING THAT "EXECUTION, IN FACT, CONSTITUTED A MEMBER'S FULL PERFORMANCE", A CALIFORNIA JUDGE HAS BROAD LATITUDE IN DECIDING WHETHER HE HAS REASON TO LOOK AT FLORIDA LAW; AND IF FLORIDA LAW IS TO BE APPLIED, ON WHAT BASIS. **SECTION 1646, CALIFORNIA CIVIL CODE SAYS:** "A CONTRACT (ASSIGNMENT) IS TO BE INTERPRETED ACCORDING TO THE LAW AND USAGE OF THE PLACE WHERE IT IS TO BE PERFORMED; OR IF IT DOES NOT INDICATE A PLACE OF PERFORMANCE, ACCORDING TO THE LAW AND USAGE OF THE PLACE WHERE IT IS MADE." **(CALIFORNIA CONSTITUTION, DECLARATION OF RIGHT, SECTION 3(b)(2): THE CALIFORNIA CONSTITUTION REQUIRES THAT STATE STATUTES SHOULD BE "CONSTRUED BROADLY" IF IT FURTHERS A PERSON'S RIGHT TO ACCESS A COURT OF LAW.)**

2. E. ON MARCH 21, 2011, AT OLS'S WEST PALM BEACH, FLORIDA OFFICE BEFORE A FLORIDA NOTARY, A MERS OFFICER WHO WAS AN OLS EMPLOYEE EXECUTED SAID ASSIGNMENT WITH ANOTHER OLS EMPLOYEE WHO EXECUTED SAID ASSIGNMENT (WHICH WAS PREPARED BY A THIRD OLS EMPLOYEE) ON BEHALF OF HSBC, WHICH HAS A HSBC MAIL DROP AT THE SAME OLS WEST PALM BEACH, FLORIDA OFFICE WHERE HSBC ULTIMATELY ACCEPTED DELIVERY OF SAID ASSIGNMENT.(DEFENDANT'S JUDICIAL NOTICE).

2. F. FROM THE UPPER LEFT CORNER ON THE ASSIGNMENT'S FRONT PAGE TO THE NOTARIZATION AND SIGNATURE BLOCS ON THE BACK PAGE, OCWEN LOAN SERVICING'S WEST PALM BEACH, FLORDIA LOCATION WAS MULTIPLY AFFIRMED AS THE PLACE OF ASSIGNMENT PERFORMANCE.(DEFENDANT'S JUDICIAL NOTICE.)

3. A. SINCE THE PURPORTED MARCH 21, 2011 ASSIGNMENT WAS SIMULTANEOUSLY PERFORMED AND MADE IN FLORIDA, A CALIFORNIA JUDGE ALSO MAY CHOOSE TO CONSIDER FLORIDA LAW IN RULING ON SAID ASSIGNMENT'S LEGALITY AND/OR OTHER RELATED MATTERS. (DEFENDANT'S JUDICIAL NOTICE)

3. B. FLORIDA HAS LAWS AGAINST TRANSFERS OF INSOLVENT ESTATES (SUCH AS MINE WAS AND IS NOW). SUCH TRANSFERS REQUIRE THE SIGNATURE OF BOTH THE ASSIGNOR AND THE ASSIGNEE. AUTHORIZED SUBSTITUTE SIGNATURES FAIL. HEREIN, THE ASSIGNEE, HSBC, DID NOT SIGN THE ASSIGNMENT. **(FLORIDA LAWS 727.101(1)(b)** RE FLORIDA ASSIGNMENTS REQUIRING THE SIGNATURES OF BOTH THE ASSIGNOR AND ASSIGNEE. HSBC DID NOT SIGN THE MERS ASSIGNMENT OF MY DEED OF TRUST AT THE MARCH 21ST, 2011 TIME OF PERFORMANCE/EXECUTION OR AT ANY TIME UP TO AND INCLUDING SAID ASSIGNMENT'S RECODING ON APRIL 4, 2011.(DEFENDANT'S JUDICIAL NOTICE)

3. C. FLORIDA LAW CONSIDERS AS "LEGAL NULLITIES" ATTEMPTED ASSIGNMENTS OF DEEDS OF TRUST WHEN THE MORTGAGE NOTE IS NOT TRANSFERRED SIMULTANEOUSLY (AS IT WAS NOT HERE); AND ANY RESULTANT SUB-ASSIGNMENTS (SUCH AS AGENCIES AND SUBSTITUTED TRUSTEES) ALSO ARE "LEGAL NULLITIES". **(SOBEL V MUTUAL DEVELOPMENT, INC. 313 SO.2ND77 (FLA.1STDCA1975) (MERS V CABRERA ET AL, SEPTEMBER 28TH, 2005, CIRCUIT COURT, 11TH JUDICIAL COURT, 11TH JUDICIAL COURT IN AND FOR MIAMI DADE COUNTY, FLORIDA)**

3. D. OF COURSE, THE 2006 AND 2011 PURPORTED ASSIGNMENTS WERE NOT SIGNED BY HSBC AND THE 2006 PURPORTED ASSIGNMENT WAS TOTALLY UNSIGNED.(DEFENDANT'S JUDICIAL NOTICES)

**\*MERS DID NOT HAVE A FORECLOSING BENEFICIAL INTEREST TO ASSIGN**

4.A. MOVING ON, MERS PURPORTED ASSIGNMENT--WHETHER IN 2006 OR 2011-- NEVER TRANSFERRED ANY MONETIZABLE BENEFICIAL INTEREST SUCH AS ONE INVOLVING "FORECLOSURE" WHEN MERS ASSIGNED "ALL MERS RIGHTS, TITLE AND INTEREST IN AND TO MY MORTGAGE".

4. B. IT IS NO ACCIDENT THAT MERS PLURALIZED THE WORD "RIGHTS" YET USED THE WORDS "TITLE" AND "INTEREST" IN THE SINGULAR. MERS ITSELF BELIEVES IT HAS ONLY ONE TITLE AND ONE INTEREST REGARDING MY MORTGAGE, THAT OF BEING A "LENDER'S NOMINEE"; AND THAT IT WOULD BE MISLEADING TO SUGGEST OR SAY IT IS THE BENEFICIARY OF MY HOME BECAUSE MERS KNOWS THAT, AS A LENDER'S NOMINEE, MERS DOES NOT HAVE, CLAIM OR WILL REALIZE ANY FINANCIAL BENEFIT FROM MY HOME. **(ALL OF AVERMENTS 4.A. AND 4.B. REFLECT THE SWORN TESTIMONY OF MERS' HIGHEST OPERATIONAL OFFICIAL, MR. WILLIAM HULTMAN ON APRIL 7, 2010, BANK OF NEW YORK, TRUSTEE V THE UKPES V. BANK OF NEW YORK, TRUSTEE, SUPREME COURT, NEW JERSEY, CHANCERY DIVISION, DOCKET NO. F-10209-8)**

6. ALSO, ACCORDING TO 2010 SWORN TESTIMONY OF MERS SECRETARY-TREASURER, WILLIAM HULTMAN, WHEN MERS ACTED AS THE LENDER'S NOMINEE AND, AS IN MY CASE, NOT A NOTE-HOLDER, MERS ONLY BENEFICIAL INTEREST AS A LENDER'S NOMINEE WAS A NON-TRANSFERABLE, CONTINUING POWER TO APPOINT TRUSTEES. UNDER OATH, HULTMAN REPUDIATED SEVERAL TIMES THE NOTION THAT MERS HELD ANY FINANCIAL INTEREST IN SUCH DEEDS OF TRUST AS MINE, OR THAT ITS ONLY BENEFICIAL INTEREST, APPOINTING TRUSTEES, HAD ANY MONETARY VALUE, OR THAT TAXES WERE PAID ON OR FOR THAT BENEFICIAL INTEREST. HULTMAN ALSO NOTED THAT SAID SOLE BENEFICIAL INTEREST, APPOINTING TRUSTEES, NEVER LEFT MERS OR WAS ITSELF TRANSFERRED TO ANY SAID TRUSTEE OR ANYONE, AND WAS HELD AND RETAINED PERMANENTLY BY MERS. INTERESTINGLY, THE ABOVE STATEMENTS WERE MADE A YEAR BEFORE MERS SURRENDERED ITS PRIOR RIGHT TO FORECLOSE MERS PROPERTIES TO THE U.S. TREASURY. (IBID)

7. AT 8 AM CALIFORNIA TIME ON APRIL 4TH, 2011, HSBC RECORDED MERS PURPORTED ASSIGNMENT IN ORANGE COUNTY.(DEFENDANT'S JUDICIAL NOTICE) NOTE HOW DEFENDANT CAREFULLY WRITES THERE WAS NO OTHER RECORDED ASSIGNMENT "AFTER" THAT RECORDED ASSIGNMENT. HE MADE NO MENTION OF ANY EARLIER ONES.

8. TWO HOURS EARLIER IN WASHINGTON, D.C. AT 9AM(EST) THE U.S. TREASURY RELEASED ITS MASSIVE CONSENT ORDER WITH MERS WHEREIN, INTER ALIA, MERS AGREED TO GIVE UP ITS PREVIOUS CONDITIONAL RIGHT TO FORECLOSE OR INITIATE FORECLOSURE OF MY HOME. **(FEDERAL CONSENT ORDER #2011 2011-44(APRIL 4, 2011)**

9. SUCH MELODRAMA ASIDE AND APART FROM WHETHER FLORIDA LAW IS APPLIED, MERS SECRETARY-TREASURER HULTMAN'S TESTIMONY REMAINS, ALONG WITH THESE IMMUTABLE FACTS: IN NO STATE IN OUR UNION MAY AN ASSIGNOR PURPORT TO GIVE AN ASSIGNEE WHAT THE ASSIGNOR DOES NOT HAVE, NOR CAN AN ASSIGNEE RECEIVE WHAT AN ASSIGNOR HAS NOT GIVEN.

10. HSBC HAS BEEN WILLING TO MISLEAD THE MORTGAGE WORLD THAT IT IS A "BENEFICIARY" OF MY HOME. WHEN, EVEN IF FLORIDA LAW IS NOT APPLIED AND REGARDLESS OF WHETHER SAID PURPORTED ASSIGNMENT OCCURRED IN 2006, 2011 OR NOT AT ALL, HSBC IS AT MOST A "LENDER'S NOMINEE".

11. HSBC AND ITS SERVICER, OCWEN LOAN SERVICING, HAVE BEEN TRYING TO DECEIVE ME INTO BOWING TO A FALSE REALITY THAT HSBC HAS THE BENEFICIAL POWER TO FORECLOSE ON MY HOME. HSBC IS NOT A FORECLOSING BENEFICIARY OF MY HOME.

OCWEN LOAN SERVICING IS NOT A FORECLOSING SERVICER OF MY LOAN.

OLS AND ITS DEFENSE COUNSEL HAVE COMMMITTED MISDEMEANORS IN NEW YORK AND CALIFORNIA BY EACH INTENTIONALLY ATTEMPTING TO DECEIVE THIS PARTY AND THIS COURT IN VIOLATION OF THE NEW YORK JUDICIARY LAW, SECTION 487, AS UPHELD JANUARY 12, 2009 IN THE NEW YORK COURT OF APPEALS AND CALIFORNIA BUSINESS AND PROFESSIONAL CODE SECTION 6128. FOR THE PAST FEW MONTHS OLS HAS FALSELY CLAIMED "PRIVITY" FOR PURPOSES OF PLEADING RES JUDICATA AND DECEITFULLY ASSERTED THAT OLS IS "THE CURRENT SERVICER OF MY LOAN". EITHER FALSEHOOD, IF ACCEPTED BY THIS COURT, MIGHT BE OUTCOME DETERMINATIVE AND UNJUSTLY

TRUNCATE MY ATTEMPT TO AFFIRM THE AUTHENTIC HOLDER OF THE BENEFICIAL FORECLOSING INTEREST IN MY HOME.

### OCWEN IS NOT A FORECLOSING SERVICER OF MY LOAN.

12. FOR EXAMPLE, OCWEN LOAN SERVICING (HEREINAFTER "OLS") IS NOT MY LOAN'S "CURRENT SERVICER" NOR HAS OLS BEEN MY SERVICER SINCE OLS'S SALE TO HLSS(OF CAYMAN)ON JULY 1, 2013; AND SUCH BEING THE FACTS, OLS HAS NO BASIS AFTER SAID DATE TO CLAIM PRIVITY BASED ON FORECLOSURE PROCESSING OR LITIGATION OF AN ASAP 4 TRUST HOME SUCH AS MINE.

13. OLS'S DISEMPPOWERMENT CAME ABOUT BECAUSE NEITHER THE FEBRUARY 10, 2012 HLSS-OLS MORTGAGE SERVICE RIGHTS AGREEMENT NOR THE MAY 1, 2012 HLSS-OLS SUB-SERVICING AGREEMENT PROVIDE, UNDER ANY CIRCUMSTANCES, FOR HLSS(THE NEW "SERVICER")TERMINATING "OLS"(THE NEW "SUBSERVICER".

14. ABSENT SAID SPECIFIC "TERMINATION LANGUAGE", THE OLS SALE (INCLUDING ALL OF ITS SERVICING RIGHTS TO THE 2006 ASAP 4 POOL, INCLUDING THE RIGHT TO SERVICE MY DEED OF TRUST/MORTGAGE LOAN) VIOLATES THE BELOW THREE SECTIONS OF THE "ACE SECURITIES 2006 ASAP 4 SECURITIZATION POOLING AND SERVICING AGREEMENT" DATED JULY 1, 2006--OF WHICH OLS AND HSBC BANK ARE SIGNATORIES AND WHICH GOVERNS ALL ACTIVITIES OF THE TRUST.

A. **SECTION 3.03** "SUCCESSOR SUBSERVICING AGREEMENT"  "...ANY SUBSERVICING AGREEMENT SHALL PROVIDE THAT THE SERVICER (HLSS) SHALL BE ENTITLED TO TERMINATE ANY SUBSERVICING AGREEMENT...." "....ANY SUBSERVICING AGREEMENT SHALL INCLUDE THE PROVISION THAT SUCH AGREEMENT MAY BE IMMEDIATELY TERMINATED AS SOON AS IS REASONABLY POSSIBLE BY ANY SUCCESSOR (AGAIN, HLSS) TO THE SERVICER(REFERRING TO OLS, THE PRIOR SERVICER)..."

B.SECTION 3.05 "ASSUMPTION OR TERMINATION OF SUBSERVICING AGREEMENT BY SUCCESSOR SERVICER"  "...PROVIDED HOWEVER THAT ANY SUCCESSOR SERVICER (HLSS) MAY TERMINATE THE SUBSERVICER (OLS)..."

C. EXHIBIT D "LIMITED POWER OF ATTORNEY

SUMMARY: HSBC BANK, THE SECURITIZATION TRUSTEE, APPOINTS ITS SERVICER, OLS, AS ITS ATTORNEY IN FACT INCLUDING WHEN USING TRUSTEE'S NAME, IN CONNECTION TO THE MORTGAGE LOANS "SERVICED BY THE SERVICER PURSUANT TO THE POOLING AND SERVICING AGREEMENT"**(NOTE SECTIONS 3.03 & 3.05 ABOVE)** "...AND EMPOWERS OLS TO EFFECTUATE THE ENUMERATED TRANSACTIONS(INCLUDING FORECLOSURE ACTIVITIES)IN RESPECT OF ANY OF THE POOL MORTGAGES AND DEEDS OF TRUST "FOR WHICH THE SERVICER IS ACTING AS SERVICER, ALL SUBJECT TO THE ASAP-4 POOLING AND SERVICING AGREEMENT."

1. DUE TO SAID ABSENT "TERMINATION LANGUAGE", OLS, AS OF THE JULY 1ST, 2013, SALE DATE OF OLS TO HLSS, WAS NO LONGER ELIGBLE TO REMAIN A TRUST OR TRUSTEE SERVICER OR SUBSERVICER AND THEREFORE OLS FORFEITED ALL PRIOR POWER UNDER THE TRUST AND TRUSTEE LIMITED POWER OF ATTORNEY, INCLUDING FORFEITURE OF THE POWER TO INITIATE OR PROCESS FORECLOSURE OF ANY TRUST OR TRUSTEE PROPERTY SUCH AS MY HOME AND ITS DEED OF TRUST.

2. THE ASAP 4 POOLING AND SERVICE AGREEMENT, ACKNOWLEDGED BY EXHIBIT D AND ELSEWHERE AS THE OVERRIDING AND CONTROLLING DOCUMENT FOR CONDUCT WITHIN THE ASAP 4 TRUST, PROVIDES FOR A ONE-TIME WAIVER OF POOLING AND SERVICE AGREEMENT VIOLATIONS. EVEN IF OLS'S POST JULY 1ST, 2013 INITIAL VIOLATIONS OF SAID P & S AGREEMENT TERMS WERE WAIVED ONCE AS SAID AGREEMENT PROVIDES, OLS WOULD HAVE THEN CONFRONTED P & S TERMS THAT SPECIFICALLY AND INTENTIONALLY FORBADE ANY "SECOND" WAIVERS FOR P & S VIOLATIONS. OLS'S CONTINUED AND CONTINUING VIOLATIONS OF SAID P & S AGREEMENT--FAR IN EXCESS OF ANY SINGLE VIOLATION-- BY FALSELY PRETENDING TO EXERCISE THE TRUSTEE'S OR TRUST POWER OF ATTORNEY AS TO FORECLOSING PROCESSING AND LITIGATION REGARDING MY OWN TRUST PROPERTY ARE UNWAIVABLE ACTIONS, AND AS SUCH, WILL PROVIDE OLS AND ITS COUNSEL NO COMFORT WHEN TRYING TO JUSTIFY ITS CONDUCT IN A CRIMINAL TRIBUNAL.

15. ALONG WITH THE SECURITIZATION TRUST POOLING AND SERVICING AGREEMENT AND THE FEDERAL SETTLEMENT AGREEMENT, THE HLSS-OLS AGREEMENTS ALSO ARE GOVERNED BY THE LAWS OF NEW YORK. **SECTION 8.6** OF THE JULY 1ST, 2013 SALE CLOSING AGREEMENT, AT WHICH TIME IN

1 | **SECTION 8.7**, HLSS ALSO AGREED TO SUBMIT ITSELF FOR ALL PURPOSES RELATING TO THE 2006 ASAP 4 SECURITIZATION POOLING AND SERVICING AGREEMENT TO THE FEDERAL COURT OF THE SOUTHERN DISTRICT OF NEW YORK. *FOR EXAMPLE, THE S.D.N.Y. COURT HAS JURISDICTION OVER THE OLS-ACCELERATED DEMAND FOR $1,433,434.88 FROM ME, MADE JULY 17TH, 2014 ON THE BASIS OF OLS ACTING FALSELY AS MY CURRENT SERVICER AND ACTING FALSELY AS THE SECURITIZATION TRUSTEE'S "ATTORNEY IN FACT" FOR HSBC BANK.

16. IN SEPTEMBER, 2013, I REFERRED CLEARLY THOUGH INCOMPLETELY TO THIS NON-SERVICER CHARADE IN PLEADINGS SHARED WITH BOTH OLS AND ITS THEN AND CURRENT COUNSEL. IN EARLY DECEMBER, 2014, I SERVED WRITTEN INTERROGATORIES TO OLS AND ITS COUNSEL FOCUSED ON THE NON-SERVICER SERVICER ISSUE, THOUGH AGAIN WITH INCOMPLETE INFORMATION. STILL NOW, SIX WEEKS LATER, FACED WITH COMPLETE FACTS, DEFENDANTS CONTINUE THEIR DECEIT, STILL FILING DOCUMENTS CLAIMING OLS IS MY CURRENT SERVICER AND OLS HAS POST JULY 1ST, 2013 PRIVITY.

**I DO HAVE STANDING TO PURSUE MY CLAIMS.**

17. THE ASAP 4 SECURITIZATION POOLING AND SERVICING CONTRACT SIGNATORIES INCLUDE HSBC AND OLS.

18. "EXHIBIT D", THE "LIMITED POWER OF ATTORNEY" IS PART OF SAID CONTRACT. THE BEGINNING OF SAID EXHIBIT D'S LAST SENTENCE SAYS, QUOTE "THIRD PARTIES WITHOUT ACTUAL NOTICE MAY RELY ON THE EXERCISE OF THE POWER GRANTED WITH THE LIMITED POWER OF ATTORNEY". I RELIED ON OLS'S FRAUDULENT EXERCISE OF SAID POWERS ON BEHALF OF HSBC SUCH AS THE POWER TO FORECLOSE AND ENGAGE IN FORECLOSURE LITIGATION RELATING TO MY HOME, A TRUST PROPERTY, ON BEHALF OF THE TRUSTEE AND TRUST, ENDURING MULTIPLE DAMAGES FROM SAID RELIANCE.

19. SAID CONTRACT PROVIDES NO SPECIAL DEFINITION OR LIMITATIONS OF THE PHRASE "THIRD PARTIES" AND SAID CONTRACT DEALS WITH MORTGAGE LOANS AND DEEDS OF TRUST INCLUDING MINE.

20. AS TRUSTOR OF MY DEED OF TRUST, I AM A THIRD PARTY TO THE "POWER OF ATTORNEY" CONTRACT BETWEEN THE TRUSTEE AND SERVICER AND/OR SUB-SERVICER INCLUDING ITS PROVISION THAT ONLY A TRUST SERVICER OR SUBSERVICER CAN EXERCISE SAID LIMITED POWER OF ATTORNEY

TO FORECLOSE MY DEED OF TRUST. SINCE JULY 12, 2013, OLS HAS NOT BEEN EITHER AN ASAP=4 TRUST SERVICER OR SUB-SERVICER. (ALSO, EXHIBIT D REQUIRES SPECIFICALLY THAT SAID POWER OF ATTORNEY BE USED AT ALL TIMES IN COMPLIANCE WITH THE TERMS OF SAID POOLING & SERVICING AGREEMENT, WHICH ACCORDING TO P&S SECTIONS 3.03 AND 3.05, IT WAS NOT.

21. YET OLS , WHO HAS HAD NO LEGAL STANDING TO FORECLOSE ON MY HOME BECAUSE HSBC COULD NOT GRANT STANDING IT DID NOT HAVE AND OLS COULD NOT REPLACE STANDING IT HAD FORFEITED, CONTINUES WITH BOTH ITS HANDS UNCLEAN TO ATTACK MY STANDING AS IF OLS ALONE IS FREE OF THE CHECKS AND BALANCES IN OUR MADISONIAN SYSTEM.

22. I HAVE STANDING TO ENFORCE EXHIBIT D OF THE POOLING AND SERVICING AGREEMENT WHICH PRECLUDES AND RESTRICTS OLS FROM EXERCISING AGAINST MY HOME POWERS IT DID NOT AND DOES NOT HAVE TO REPRESENT THE TRUST AND TRUSTEE IN FORECLOSURE PROCESSING AND LITIGATION INVOLVING A TRUST OR TRUSTEE HOME, AND WHICH PRECLUDES AND RESTRICTS HSBC FROM ALLOWING, ENCOURAGING AND MAKING IT POSSIBLE FOR OLS TO SO PROCEED IN VIOLATION OF SEVERAL POOLING AND SERVICE AGREEMENT PROVISIONS SUCH AS 3.03 AND 3.05 AND EXHIBIT D ITSELF--EACH BY VIRTUE OF THE THIRD PARTY NOTICE IN EXHIBIT D AND MY STATUS AS TRUSTOR TO MY HOME, AN HSBC AND OLS-CLAIMED PROPERTY WHICH IS THE SUBJECT OF FORECLOSURE.

23. ALSO, HSBC, AS THE TRUSTEE RESPONSIBLE FOR INTEGRATING HLSS INTO THE ADMINSTRATION OF THE ASAP 4 TRUST AND ASSUMING ITS POOLING AND SERVICING RIGHTS, KNEW OR SHOULD HAVE KNOWN THAT OLS HAD LOST ITS POWER OF ATTORNEY OVER TRUSTEE AND TRUST PROPERTIES AND HSBC SHOULD NOT HAVE TOLERATED OLS'S CONTINUOUS FRAUDULENT EXERCISE AND MISREPRESENTATION OF SUCH POWER OF ATTORNEY WHICH EXISTED PRIMARILY UNDER HSBC'S CONTROL.

24. ADDITIONALLY, DEFENDANTS ALLEGE THAT I LACK STANDING IN THE ABSENCE OF A "TENDER OFFER".

25. DEFENDANT'S CITED CASES DEPEND PLAINTIFFS WHO ARE OPPOSING FORECLOSURE ITSELF.

26. IN NO FORUM HAS PLAINTIFF EVER CONTESTED FORECLOSURE ITSELF, NOR DOES HE DO SO IN THIS CASE. FORECLOSURE IS AN IMPORTANT BALANCING FINANCIAL PROCESS IN OUR SOCIETY.

FORECLOSURE SERVES, AND CONTRIBUTES TO, THE ORDER AND PROGRESS OF THE MARKET. I AM A CONSERVATIVE. WHATEVER THE OUTCOME OF THIS CASE, I WILL PROBABLY FACE FORECLOSURE AND, AT BEST, AN AGGRESSIVE REPAYMENT SCHEDULE. WHICHEVER HAPPENS, WHEN MY CHILDREN GROW OLDER, I HOPE THEY ALSO BELIEVE IN BEING STUBBORN ABOUT BEING TREATED FAIRLY. OUR COUNTRY'S PATRIOTS PROVIDED AND PROTECTED A SYSTEM WHERE EVERY AMERICAN CITIZEN, FROM THE MOST DESPISED TO THE MOST HERALDED, FROM THE MOST DEADBEAT TO THE MOST GENEROUS ARE EACH GUARANTEED FAIRNESS. OLS AND HSBC ARE NOT ENTITLED TO DESTROY THAT FABRIC OF FAIRNESS IN THE NAME OF PLAYING FAST AND LOOSE WITH FORECLOSURE PROCESSES, ESPECIALLY WHEN NEITHER NOW HAVE THE RIGHT TO SUIT UP AND STEP ONTO THIS PARTICULAR FORECLOSURE FIELD.

27. DEFENDANT PRESENTS NO CASES WHERE A TENDER OFFER IS REQUIRED FOR A PLAINTIFF NOT DIRECTLY OPPOSING A DEFENDANT'S RIGHT TO FORECLOSE. DEFENDANTS' CASES DO NOT COVER THE INSTANT MATTER WHERE THE ISSUE IS DEFENDANT'S ALLEGED ABUSES OF THE FORECLOSURE PROCESS.

**MY FAC DOES COMPORT FULLY WITH RES JUDICATA DICTATES.**

28. RES JUDICATA BARS CLAIMS THAT HAVE BEEN OR COULD HAVE BEEN LITIGATED, WITH COURTS USUALLY CHECKING THREE FACTORS:

   A. WAS THERE PREVIOUS LITIGATION WHEN IDENTICAL OR NEAR-IDENTICALCLAIMS IN THE CURRENT CASE WERE OR COULD HAVE BEEN RAISED.

   B. WERE THE PARTIES IN PREVIOUS LITIGATION IDENTICAL TO PARTIES IN THE CURRENT CASE; OR IN PRIVITY (SUCH AS AN AGENT-PRINCIPAL RELATIONSHIP) WITH AN IDENTICAL PARTY IN THE CURRENT CASE.

   C. DID THE PREVIOUS CASE REACH A FINAL JUDGMENT ON THE MERITS, NOT A TECHNICALITY WHERE THE JUDGE DECIDED A MOTION OR MADE SOME DETERMINATION THAT DID NOTRESOLVE THE PREVIOUS CASE ON THE FACTS AND EVIDENCE OF THE CASE.

29. COLLATERAL ESTOPPEL BARS CLAIMS IN WHICH THE KEY ISSUE IN THE CLAIM HAS BEEN PREVIOUSLY LITIGATED, WITH COURTS ALSO CHECKING THREE FACTORS HERE.

A. THE ISSUE TO BE ESTOPPED IN THE CURRENT CASE MUST BE IDENTICAL TO AN ISSUE IN THE PREVIOUS LITIGATION.

B. THE ISSUE MUST HAVE BEEN ACTUALLY LITIGATED IN THE PREVIOUS CASE.

C. THE ISSUE IN THE PREVIOUS CASE MUST BE DECIDED ON THE MERITS, NOT A TECHNICALITY, AND REACH AND BE REFERRED TO IN A FINAL JUDGMENT.

30. I HAVE APPLIED THE ABOVE FACTORS TO THIS CURRENT CASE AND REACHED THE FOLLOWING DETERMINATIONS:

A. PREVIOUS LITIGATION #1: THE PREVIOUS LITIGATION CLAIM OF UNINTENTIONAL UNFAIRNESS BASED ON THE CONSUMER PROTECTION STATUTE WAS REMOTE FROM THE CURRENT LITIGATION REQUESTING A DECLARATORY JUDGMENT, WAS DISMISSED WITH PREJUDICE ON A TENTATIVE RULING, AND THE INSTANT DECLARATORY JUDGEMENT REQUEST COULD NOT HAVE BEEN RAISED AT THAT TIME.

B. PREVIOUS LITIGATION #2: THE PREVIOUS LITIGATION CLAIM THAT "TRUSTEE SALE NOTICES" UNEXECUTED FOR A YEAR REQUIRE REFILING IS REMOTE FROM THE CURRENT LITIGATION, WAS APPROVED BY THE JUDGE, AND THE DECLARATORY JUDGMENT COULD NOT HAVE BEEN RAISED AT THAT TIME.

C. PREVIOUS LITIGATION #3: THE PREVIOUS LITIGATION CLAIM THAT AN ACCELERATED PAYMENT DEMAND VIOLATED AN OBSCURE FEDERAL STATUTE, 12 U.S.C. 1701j (d) (2), IS REMOTE FROM THE CURRENT LITIGATION, AND THE DECLARATORY JUDGMENT COULD NOT HAVE BEEN RAISED AT THAT TIME.

D. PREVIOUS LITIGATION #4: THE THIRD AMENDED COMPLAINT FILED NOVEMBER 22, 2013 WAS HEARD ON JUNE 16, 2014 WHEREIN THE JUDGE'S OPENING COMMENT WAS TO ASK DEFENDANTS WHY THEY HAD NOT ALREADY FORECLOSED MY HOME SINCE THE NON-MONETARY RESOLUTION THEY FILED IN JANUARY AND WAS APPROVED IN FEBRUARY REMOVED THEM AS A PARTY AND HAD ENDED THE CASE. SINCE THE FORECLOSURE HAD NOT YET HAPPENED, THE JUDGE LISTENED FOR AWHILE TO ME ON BOTH JUNE 16TH AND 18TH WITH SOME MUTUAL SETTLEMENT ACTIVITY IN BETWEEN FAILING TO STICK. THE JULY FINAL JUDGMENT LISTED THE NON-MONETARY RESOLUTON

AND OTHER PARTS OF THE CASE HISTORY, YET DID NOT IDENTIFY OR IMPLICATE THEIR RESPECTIVE INFLUENCES ON THE CASE OR ON THE JULY 1, 2014 FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE. ON NOVEMBER 22, 2013 AND THEREAFTER, WESTERN PROGRESSIVE, LLC DID NOT HAVE PRIVITY WITH OLS AND OLS DID NOT HAVE PRIVITY WITH WESTERN PROGRESSIVE. WESTERN PROGRESSIVE DID NOT HAVE PRIVITY WITH OLS DUE TO OLS NOT BEING THE TRUST SERVICER OR SUBSERVICER AND NOT BEING CONNECTED TO OR REPRESENTATIVE OF THE TRUST OR TRUSTEE POWER OF ATTORNEY TO INITIATE OR PROCESS FORECLOSURES OF TRUST OR TRUSTEE PROPERTIES. OLS DID NOT HAVE PRIVITY WITH WESTERN PROGRESSIVE SINCE, AS OF THE NON-MONETARY RESOLUTION, THERE WERE NO PARTIES TO THE CASE THOUGH WESTERN PROGRESIVE'S NAME WAS INCLUDED IN NAMING THE CASE FOR PURPOSES OF THE FINAL JUDGMENT. OLS ALSO DID NOT HAVE PRIVITY WITH WESTERN PROGRESSIVE, LLC SINCE JULY 1ST, 2013 SINCE OLS HAD NO PRIVITY TO GIVE AND NO RIGHTFUL ROLE LEGALLY CAPABLE OF RECEIVING PRIVITY FROM ANOTHER ON A TRUST PROPERTY SUCH AS MINE.

31. IN THIS PREVIOUS LITIGATION (#4), PETITIONER COULD NOT HAVE RAISED THE CURRENT DELARATORY JUDGMENT BECAUSE

   A. AT THE END OF THE SECOND AMENDED COMPLAINT, THE JUDGE ONLY AGREED TO ACCEPT A THIRD AMENDED COMPLAINT NAMING AND FOCUSING ON DEUTSCHE BANK AS A DEFENDANT--A DEFENDANT FOR WHICH PETITIONER HAD NO EVIDENCE THEN OR NOW THAT DEUTSCHE BANK HELD THE BENEFICIAL INTEREST TO MY HOME. (SEPARATELY, SAID FINAL JUDGMENT DID NOT IMPLICATE ANY PART OF THIS SECOND AMENDED COMPLAINT.)

   B. IN DRAFTING THE THIRD AMENDED COMPLAINT IN THE FALL OF 2013, PETITIONER HAD NO IDEA THAT THE JULY 1ST, 2013 SALE OF OLS TO HLSS HAD TAKEN PLACE, WITH ALL ITS VITAL AND COMPLEX CONSEQUENCES FOR THE LITIGTION AT HAND.

   C. THE PRIMARY FOCUS OF THE THIRD AMENDED COMPLAINT WAS THE ISSUE OF VOIDING POST POOL-CLOSURE ASSIGNMENTS. PRESENTING THE AUGUST, 2013 THOMAS GLASKI CASE WHICH AFFIRMED SUCH VOIDING BASED ON NEW YORK LAW--LATER OVERTAKEN BY SUBSEQUENT CALIFORNIA CASES--WAS INTENDED AS A FIRST STEP AND NEEDED TO BE APPROVED BY THE JUDGE BEFORE CONSIDERING OTHER POSSIBLE STEPS. THE JUDGE HAD GRANTED MY THIRD AMENDED

COMPLAINT SOLELY ON THE BASIS THAT I WOULD JUSTIFY INVOLVING DEUTSCHE BANK AS A DEFENDANT. ALSO, FACTUALLY I HAD YET ON SEVERAL KEY POINTS TO IDENTIFY OR FIRM UP THE "SMOKING GUNS" I WOULD REALISTICALLY NEED AS PREDICATES FOR ANY OTHER PLEADINGS EVEN REMOTELY SIMILAR TO A DECLARATORY JUDGMENT, TO INCLUDE AS PART OF MY THIRD AMENDED COMPLAINT. FOR THE ABOVE REASONS I DO NOT BELIEVE I HAVE COULD HAVE RAISED NEW ISSUES SUCH AS A DECLARATORY JUDGMENT AT THE TIME I SUBMITTED A THIRD AMENDED COMPLAINT.

D. BASICALLY, THE CURRENT LITIGATION AND THE PREVIOUS LITIGATION HAVE NO SAMENESS OF PARTIES; THE CLAIMS THEMSELVES WERE WIPED OUT ALONG WITH THE DEFENDANTS BY THEIR FILING AND APPROVAL OF THE NON-MONETARY RESOLUTION. AND SO THOSE CLAIMS WERE NEVER FINALLY JUDGED ON THE FACTS AND EVIDENCE(THE MERITS) BUT WERE INSTEAD TRUNCATED TECHNICALLY BY A SURPRISING AND WISE NON-MONETARY RESOLUTION AS MY CONSISTENT REFUSAL TO SEEK MONEY, COSTS OR DAMAGES BACKFIRED ON ME/

32. COLLATERAL ESTOPPEL REQUIRES THAT THE ISSUE IN THE CURRENT CASE BE ACTUALLY LITIGATED IN THE PREVIOUS LITIGATION. THE CURRENT REQUEST FOR A DECLARATORY JUDGMENT (AS TO WHOM HAS THE BENEFICIAL INTEREST IN MY PROPERTY FOR PURPOSE OF MY MORTGAGE PAYMENTS) WAS NOT "ACTUALLY" LITIGATED IN THE 4 PREVIOUS LITIGATIONS.

### MY 12(b)(6) LEGAL STANDARD IS ROCK TO DEFENDANT'S CONFETTI OF MINORITY VIEWS.

33. IN CONTRAST TO PETITIONER'S LONG QUOTE OF SAN FRANCISCO FEDERAL MAGISTRATE J. SPERO'S COMPREHENSIVE, CITATION-FERTILE, AND LOGICAL, STEP BY STEP LEGAL STANDARD FOR REJECTING 12(b)(6) MOTIONS TO DISMISS TOGETHER WITH MY POINT BY POINT COMPARISON AND INTEGRATION OF SPERO'S DECLARATIONS WITH THE HISTORY AND FACTS OF THIS CASE, DEFENDANT HAS FRIVOLOUSLY SPLATTERED ON HIS PAGES, WITHOUT LOGICAL SEQUENCE OR ANY COMMITMENT TO THE ROOTS OF FRCP 11, MOST OF THE SAME CASES CITED BY MAGISTRATE SPERO, AND THEN PROVIDED THE MINORITY VIEWS OF THOSE CASES AS IF THEY TRUMPED THE MAJORITY VIEWS CITED BY MAGISTRATE SPERO.

### FREDDIE MAC

34. IN PRIOR PLEADINGS, PETITIONER HAS ALLEGED, BASED ON FEDERAL STATUTES AND

14

REGULATIONS GOVERNING THE CONDUCT OF THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR OF FREDDIE MAC AS VERIFIED BY A RECENT AUDIT THEREOF IN 2012 BY THE FHFA'S OFFICE OF THE INSPECTOR GENERAL, THAT

   A. THE FEDERAL HOUSING FINANCE AGENCY MUST APPROVE ANY ACTION BY A FREDDIE MAC-RETAINED ATTORNEY IN LITIGATION INVOLVING, EVEN INDIRECTLY, ANY MATERIAL CONTRACT(SAY FOR $1.925 BILLION TO FHFA AND THEN THE U.S. TREASURY)SIGNED BY THE FHFA AS CONSERVATOR AS HAPPENED IN THE DEUTSCHE BANK V FHFA SETTLEMENT AGREEMENT(IBID, 34; AND

   B. THE FEDERAL HOUSING FINANCE AGENCY MUST APPROVE ANY ACQUISITION OR DISPOSAL OF PROPERTY INVOLVING THE FHFA'S ROLE AS RECEIVER FOR FREDDIE MAC. IBID, 34.

35. ALSO, FREDDIE MAC ACQUIRED 50.2 % OF THE AGGREGATE BENEFICIAL INTEREST OF THE 2006 ASAP 4 POOL BY ITS PURCHASE ON JULY 31, 2006 OF CLASS A-1 CERTIFICATES OF SAID POOL. (UPDATED SUPPLEMENTAL PROSPECTUS FOR ASAP 4 2006 SECURITIZATION POOL FILED AUGUST, 2006 WITH THE S.E.C.)

36. ADDITIONALLY, THE LANGUAGE OF THE MARCH 21ST, 2011 ASSIGNMENT OF MY DEED OF TRUST WAS DATED INITIALLY AS OF JULY 27TH, 2006 AND SPECIFICALLY INCLUDED MY HOME WITHIN THE 2006 ASAP 4 POOL OF HOMES TRUSTEED BY HSBC BANK.  THAT POOL IS SPECIFICALLY INCLUDED BY NAME, CUSIP AND OTHER IDENTIFYING INFORMATION AS AMONG THE "COVERED SECURITIES" FREDDIE MAC OWNED WHEN THE DEUTSCHE BANK ET AL/FHFA, FREDDIE MAC ET AL SUIT WAS SETTLED FINALLY ON JANUARY 7, 2014.(DEFENDANT'S JUDICIAL NOTICE)(EXHIBIT 1 "CERTIFIED SECURITIES", SUPRA SETTLEMENT)

37. FINALLY, THERE ARE NUMEROUS OTHER FACTS AVERRED AND SOURCED BY ME WHICH DEFENDANT HAS TOTALLY IGNORED AND NEVER DENIED SINCE OCTOBER IN FAVOR OF IMPUTING BAD FAITH TO A PER SE PETITIONER WHOSE GREAT FAULT IS SEEKING REAL ANSWERS WHEN OBVIOUSLY, REAL ANSWERS HAVE BEEN A PROBLEM FROM DAY ONE OF THIS SUIT FOR ONE OR MORE OF THE ENTITIES, AMONG OR CONNECTED TO THE DEFENDANTS.

## CONCLUSION

38. DEFENDANT AND THE OTHER DEFENDANTS KEEP SAYING BECAUSE I OWE SOMEONE MONEY IT SHOULD NOT MATTER WHETHER I PAY HSBC OR SOME OTHER ENTITY. YET, AS AVERRED PREVIOUSLY, THE CENTRAL OPERATING PRINCIPLE AND GOAL OF FREDDIE MAC THE PAST TWO YEARS HAS BEEN TO LOWER ITS NUMBER OF FORECLOSURES AND INCREASE ITS NUMBER OF LOAN MODIFICATIONS AND NON-FORECLOSURE RESOLUTONS EVEN OF ITS LARGEST DEBTORS ON HOME MORTGAGES. SO IT DOES MATTER. FREDDIE MAC HAS ONE PHILOSOPHY ABOUT FORECLOSURES. OTHER COMPANIES HAVE THEIR OWN PHILOSOPHY.

I, SERGIO ANTONUCCI, A RESIDENT OF COTO DE CAZA, CALIFORNIA, DO HEREBY ATTEST, ACCORDING TO THE LAWS OF CALIFORNIA AND UNDER PAIN AND PENALTY OF PERJURY, THAT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF, THE PRECEDING IS TRUE AND CORRECT.

RESPECTFULLY SUBMITTED

EXECUTED February 12th, 2015

PLAINTIFF

SERGIO ANTONUCCI, PRO PER

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1. YOUR HONOR, THIS CASE RAISES MANY QUESTIONS.

2. THOSE QUESTIONS HAVE THE SAME ANSWER: DISCOVERY.

3. MERS TOP OPERATIONAL OFFICIAL TESTIFIED IN 2010 THAT AS A "LENDER'S NOMINEE", MERS COULD NOT AND DID NOT HAVE ANY ECONOMIC (OR BENEFICIARY) INTEREST IN ANY MORTGAGE.

4. SINCE A 2011 PURPORTED MERS-HSBC ASSIGNMENT, HSBC HAS CLAIMED (AND HAD CLAIMED FOR IT BY OCWEN LOAN SERVICING) THAT HSBC HAS A BENEFICIARY (AND ECONOMIC) INTEREST IN MY MORTGAGE.

5. SAID ASSIGNMENT WAS PERFORMED AND MADE IN FLORIDA AND UNDER FLORIDA LAW IS A NULLITY BECAUSE A) HSBC DID NOT ITSELF SIGN THE ASSIGNMENT AND B) THE ASSIGNMENT REPRESENTED A TRANSFER OF AN INSOLVENT ESTATE (MINE). MOREOVER, IF THE COURT GIVES PRIORITY CONSIDERATION TO THE 2006 PURPORTED ASSIGNMENT, THAT ONE IS UNSIGNED BY BOTH PARTIES.

6. IF THE COURT DOES NOT APPLY FLORIDA LAW, THE FACT REMAINS THAT MERS, AS A LENDER'S NOMINEE, HAD NO BENEFICIAL INTEREST TO ASSIGN. MERS CONSIDERS THAT ITS MORTGAGE CONVEYANCE CONTRACTS THAT MAKE MERS A LENDER'S NOMINEE ALSO MAKE ITS RIGHT TO APPOINT MORTGAGE TRUSTEES NON-TRANSFERABLE.

7. IF HSBC THOUGHT AT THE TIME OF THIS PURPORTED ASSIGNMENT THAT MERS ASSIGNED HSBC "BENEFICIARY" STATUS WHEN MERS THOUGHT AND KNEW IT WAS ONLY PURPORTEDLY ASSIGNING HSBC "LENDER'S NOMINEE" STATUS--AND A LIMITED ONE AT THAT, THEN EVEN UNDER CALIFORNIA LAW THERE WAS NOT AN ESSENTIAL "MEETING OF THE MINDS" BETWEEN MERS AND HSBC, MAKING SAID PURPORTED ASSIGNMENT LEGALLY DISPOSABLE.

8. IF MERS SOMEHOW BREATHED "BENEFICIARY" LIFE INTO HSBC ON MARCH 21ST, 2011 IN THE MIRACLE OF WEST PALM BEACH, HSBC KNEW OR SHOULD HAVE KNOWN AFTER THE JULY 1ST, 2011 HLSS-OLS SALE CONTRACT THAT HSBC ITSELF HELPED NEGOTIATE FROM START TO FINISH, THAT

OCWEN LOAN SERVICING'S SUBSEQUENT FORECLOSING PROCESSES AND PARTICIPATION IN FORECLOSING LITIGATION AMOUNTED TO CRIMINAL MISDEMEANORS BY OLS, ITS COUNSEL AND POSSIBLY EVEN HSBC, AND VIOLATED NUMEROUS TERMS OF THE ASAP 4 POOLING AND SERVICING AGREEMENT WHICH SAID AGREEMENT BOUND ANY AND ALL POWER OF ATTORNEY USERS TO OBEY.

9. EVEN IF HSBC SOMEHOW KNEW NOTHING ABOVE, OCWEN LOAN SERVICING KNEW IT ALL AS THE MIRACLE OF WEST PALM BEACH INVOLVED AN OCWEN LOAN SERVICING EMPLOYEE (THAT WAS A MERS OFFICER THOUGH NOT AN EMPLOYEE OF MERS) ASSIGNING A NON-BENEFICIAL ASSIGNMENT (DRAWN UP BY A SECOND OCWEN LOAN SERVICING EMPLOYEE) TO A THIRD OCWEN LOAN SERVICING EMPLOYEE AT THE OCWEN LOAN SERVICING OFFICE BEFORE A FLORIDA NOTARY WITH A HISTORY OF WORKING PRIMARILY ON OCWEN LOAN SERVICING DOCUMENTS. OLS ALSO KNEW ABOUT THE ENTIRE "TERMINATION LANGUAGE" PROBLEM INHERENT IN ITS SALE TO HLSS AS RELATED S.E.C. DOCUMENTS DESCRIBE.

10. I DO NOT HAVE A RES JUDICATA PROBLEM IN THIS CASE FOR MANY REASONS, NOT LEAST OF WHICH IS THE FACT THAT OCWEN LOAN SERVICING'S JULY 1, 2013 SALE TO HLSS OF THE ASAP 4 POOL TRUNCATED ITS ASAP 4 TRUST AND TRUSTEE POWER OF ATTORNEY RIGHT TO REPRESENT THE TRUST OR TRUSTEE IN FORECLOSURE-RELATED MATTERS INVOLVING A TRUST PROPERTY(MINE) SUCH AS THE MARCH 21ST, 2011 PURPORTED ASSIGNMENT, DRAFTED IN 2006, THEREBY ELIMINATING OLS'S SUBSEQUENT PARTICIPATION IN ANY FORECLOSURE RELATED PRIVITY CONSTRUCT.

11. I HAVE ANSWERED EACH DEFENDANT FACTUAL ALLEGATION, AS DISTINCT FROM RHETORICAL CLAIM, WITH ONE OR MORE FACTUAL ALLEGATIONS THAT GENERALLY ECLIPSE DEFENDANTS' OFFERINGS AND WHERE CLOSELY MET, WARRANT, AS THE PARTY DEFENDING A MOTION TO DISMISS, UNDER LEGAL STANDARDS OF THE FEDERAL JUDICIARY IN CALIFORNIA, A SMIDGEON OF JUDICIAL PREFERENCE ONLY IN THIS MATTER AND NOT SUBSEQUENTLY.

12. MY ORIGINAL COMPLAINT REMAINS: HSBC IS TRYING TO FORECLOSE ON ME EVEN THOUGH THE DEUTSCHE BANK-FHFA CASE INDICATES THAT THE BENEFICIARY INTEREST IN MY HOME LIES ELSEWHERE. I WANT TO SET UP A BINDING AND STABLE PAYMENT PLAN ON MY HOME WITH WHOMEVER OWNS THE GENUINE BENEFICIAL INTEREST IN MY MORTGAGE.

13. THE FACT THAT VIRTUALLY EACH PASSING DAY PEELS AWAY MORE STRING FROM THIS TYPICAL MORTGAGE SECURITIES INDUSTRY GORDIAN KNOT MEANT TO INTIMIDATE PLAINTIFFS AND UNDERMINE JUDGE'S CALENDARS DOES NOT MEAN THAT MY COMPLAINT, AS ALLEGED, IS INVALID.

14. EACH STEP TOWARDS TRUTH IS ONE MORE STEP TOWARDS JUSTICE.

15. I BELIEVE DISCOVERY IS THAT NEXT STEP.

RESPECTFULLY SUBMITTED

EXECUTED February 12th, 2015

_____
PLAINTIFF

SERGIO ANTONUCCI, PRO PER

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 472 South Glassell Street, Orange, California 92866.

On February 13, 2015, I served the foregoing documents described as **PLAINTIFF'S OPPOSITION TO FREDDIE MAC MOTION TO DISMISS FIRST AMENDED COMPLAINT,** by placing the true copies thereof enclosed in sealed envelopes addressed to:

Eric Houser, Esq.
Bethany R. Burrill, Esq
Houser & Allison
9970 Research Dr.
Irvine, CA 92618

Steven Kitagawa, Esq.
PITE DUNCAN LLP
1920 Main Street, Suite 760
Irvine, CA 92614

Stuart Alderoty, SVP and General Counsel
HSBC Holding, N.A.
452 5th Avenue
New York, NY 10018

[X] **By Mail**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date of postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **By Facsimile**: In addition to the above service by mail, hand delivery or Federal Express, I caused said document(s) to be transmitted by facsimile to the address marked with a ^^^.

[X] **State**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] **Federal**: I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 13, 2015, at Orange, California

By: _____
Araceli Huerta