JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 14-1542-DOC (ANx)　　　　　　　　　　　　Date: March 4, 2015

Title: SERGIO ANTONUCCI V. HSBC HOLDINGS, N.A., ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [18, 20] AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT FIRST AMENDED COMPLAINT [27, 28] AND EX PARTE APPLICATION FOR ORDER TO SHOW CAUSE [34]

Before the Court are:

- the Motion to Dismiss Plaintiff's First Amended Complaint filed by HSBC Bank USA, N.A., as Trustee on Behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP4, Asset Backed Pass-Through Certificates ("HSBC") and Ocwen Loan Servicing, LLC ("Ocwen") (Dkt. 18);

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                                Date: March 4, 2015

Page 2

- the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant Freddie Mac[1] (Dkt. 20);

- the Motion for Leave to Supplement First Amended Complaint filed by Plaintiff Sergio Antonucci ("Antonucci" or "Plaintiff") (Dkt. 27, 28); and

- the Ex Parte Application for Order to Show Cause filed by Plaintiff (Dkt. 34).

The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

      Having considered the respective moving, opposing, and reply papers, and for the reasons stated below, the Court hereby GRANTS Defendants' Motions to Dismiss and DENIES Plaintiff's Motion for Leave to Supplement First Amended Complaint and Ex Parte Application for Order to Show Cause as MOOT.

**I.    Background**

      **A.    The First Amended Complaint**

      The factual allegations in Antonucci's First Amended Complaint (Dkt. 15) (the "FAC") are fairly simple. Antonucci alleges he is in default on a loan which is secured by his residence in Coto De Caza, California (the "Property") through a Deed of Trust. HSBC scheduled a non-judicial foreclosure sale of Antonucci's residence. Freddie Mac, not HSBC, holds the beneficial interest under the Deed of Trust. By the FAC, Antonucci seeks a declaratory judgment determining who—HSBC or Freddie Mac—is the beneficiary of the Deed of Trust.

      **B.    Antonucci's Prior Lawsuits Against Defendants**

      In addition to the facts alleged by Antonucci, HSBC and Ocwen request that the Court take judicial notice of matters related to the Property and other lawsuits involving the parties.

      The Deed of Trust named First American Title as the trustee and Mortgage Electronic Registration Systems ("MERS") as nominee and beneficiary. HSBC's Request for Judicial Notice (Dkt. 19) ("HSBC RJN"), Ex. 1. On or about March 21, 2011, MERS

---

[1] HSBC, Ocwen, and Freddie Mac are collectively referred to as "Defendants."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                                  Date: March 4, 2015

Page 3

executed an Assignment of Deed of Trust to HSBC. HSBC RJN, Ex. 2. On or about May 7, 2012, Ocwen, as the attorney in-fact of HSBC, executed a Substitution of Trustee substituting Western Progressive, LLC as the trustee under the Deed of Trust. HSBC RJN, Ex. 3.

On or about August 3, 2012, a first Notice of Trustee's Sale ("NOTS") of the Property was recorded in the Orange County Recorder's Office with a scheduled sale date of August 31, 2012. HSBC RJN, Ex. 5. On August 6, 2012, Antonucci filed a lawsuit in Orange County Superior Court against Ocwen, Case No. 30-2012-00588824 (the "First Action").[2] In his first amended complaint in the First Action, Antonucci alleged that MERS invalidly transferred the beneficial interest in the Deed of Trust to Ocwen. HSBC RJN, Ex. 6. He alleged that Ocwen violated California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 et seq.) by billing Antonucci for loan payments after the allegedly invalid transfer. *Id.* ¶¶ 4-8. Antonucci sought injunctive relief and indicated that he was "trying to legally identify whomever I am truly indebted as a result of my May 9th, 2006 loan." *Id.* ¶¶ 9-10. The superior court sustained Ocwen's demurrer to the first amended complaint and dismissed Ocwen from the action with prejudice. HSBC RJN, Ex. 7.

On March 19, 2013, a second Notice of Trustee's Sale was recorded with a scheduled sale date of April 26, 2013. HSBC RJN, Ex. 8. On April 10, 2013, the superior court entered a judgment of dismissal in the First Action. HSBC RJN, Ex. 9.

On April 22, 2013—four days before the scheduled foreclosure sale—Antonucci filed another action in Orange County Superior Court, Case No. 30-2013-00644672 (the "Second Action"). HSBC RJN, Ex. 10. In the Second Action, Antonucci named the foreclosure trustee, Western Progressive, LLC, and David Cotton as defendants. *Id.* Antonucci alleged that the defendants misrepresented that they had legal authority to foreclose on the Property and sought to postpone the foreclosure sale under California Civil Code § 2924g(c). *Id.* In his third amended complaint in the Second Action, Antonucci acknowledged that he "does not want any unwarranted protection from the foreclosure he justly faces." HSBC RJN, Ex. 11. Rather, he "simply insisted that any foreclosure on his home be processed legally." *Id.* On June 18, 2014, the superior court entered judgment in favor of Western Progressive, LLC and Cotton, finding that

---

[2] Antonucci initially sued "Ocwen & Ocwen Loan Servicing, LLC" and later added "Ocwen Loan Servicing, LLC" as a defendant. The April 17, 2012 Notice of Default and Election to Sell under Deed of Trust identifies Ocwen as the "attorney in-fact" of HSBC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1542-DOC (ANx)                                            Date: March 4, 2015

Page 4

Antonucci's allegations "are not meritorious, and he is not entitled to the relief sought in this case." HSBC RJN, Ex. 12.

On or about August 13, 2014, Antonucci filed another action against Ocwen in Orange County Superior Court, Case No. 30-2014-00739371 (the "Third Action"). The superior court's online docket reflects that the case was dismissed pursuant to a request for dismissal filed by Antonucci.

### C. Procedural History

Antonucci filed this action on September 23, 2014. Dkt. 1. Eight days later, before any defendant filed a responsive pleading, Antonucci filed an amended complaint. Dkt. 6. On October 22, 2014, HSBC and Ocwen filed a Motion to Dismiss. Dkt. 9. On November 4, 2014, the Court granted the motion as unopposed and allowed Antonucci to file an amended complaint. Dkt. 11. On December 1, 2014, Antonucci filed the FAC. Dkt. 15.

On December 19, 2014, HSBC and Ocwen filed a Motion to Dismiss the FAC. Dkt. 18. Antonucci filed an opposition and HSBC and Ocwen filed a reply. Dkt. 21, 23.

On December 22, 2014, Freddie Mac filed a Motion to Dismiss the FAC. Dkt. 20. After Freddie Mac filed a Notice of Non-Opposition, Antonucci filed an Ex Parte Application stating that he was not served with Freddie Mac's Motion. Dkt. 30, 34. On February 3, 2015, Freddie Mac filed declarations from its counsel stating that it had erroneously failed to serve Antonucci by mail. Counsel also declared that Antonucci was served with Freddie Mac's moving papers by overnight mail on February 3, 2015. With the Court's permission, Antonucci filed an opposition to Freddie Mac's Motion on February 13, 2015 (in addition to a supporting declaration). Dkt. 43, 44. Freddie Mac filed a reply. Dkt. 45. Antonucci filed a belated request for judicial notice on February 27, 2015. Dkt. 46.

On January 12, 2015, Antonucci filed a Motion for Leave to Supplement the FAC. Dkt. 27, 28. HSBC and Ocwen filed an opposition, as did Freddie Mac. Dkt. 33, 37. Antonucci filed a reply. Dkt. 38.

## II. Legal Standard

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                              Date: March 4, 2015

Page 5

complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003); *see* Fed. R. Civ. P. 12(d). However, courts "may take judicial notice of 'matters of public record' without converting the motion into one for summary judgment." *Moralez v. Whole Foods Mkt., Inc.*, 897 F. Supp. 2d 987, 993 (N.D. Cal. 2012); *see also Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### B. Motion for Leave to Supplement Pleading

"On a motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Resolution of a motion to supplement a pleading is a matter of the trial court's discretion. *See Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency." *Yates v. Auto City 76*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                                                  Date: March 4, 2015

Page 6

299 F.R.D. 611, 613 (N.D. Cal. 2013). "[F]actors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading." *Id.* "Furthermore . . . even though supplemental pleadings are favored, they cannot be used to introduce a separate, distinct and new cause of action." *Id.* at 614 (internal quotation marks omitted).

## III. Analysis

### A. Defendants' Motions to Dismiss

#### 1. Judicial Notice

As a preliminary matter, in their respective Motions to Dismiss, Defendants request that the Court take judicial notice of pleadings and other court records in the First Action and Second Action. *See* Dkt. 19, 20-2. Courts may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Specifically, courts have considered undisputed facts that are subject to judicial notice in resolving motions to dismiss which are based on res judicata. *See Moralez*, 897 F. Supp. 2d at 993; *Cabalceta v. Standard Fruit Co.*, 667 F. Supp. 833, 837-38 (S.D. Fla. 1987) *rev'd in part on other grounds* 883 F.2d 1553 (11th Cir. 1989) (taking judicial notice of court decision in prior case for purposes of determining whether case was barred by the doctrine of res judicata); *Mehlar Corp. v. City of St. Louis, Mo.*, 530 F. Supp. 85, 86 (E.D. Mo. 1981) (same).

The Court grants Defendants' requests (Dkt. 19, 20-2). *See* Fed. R. Evid. 201. The Court finds it appropriate to consider these matters without converting Defendants' Motion to a motion for summary judgment. *See Moralez*, 897 F. Supp. 2d at 993 ("[T]he Court may take judicial notice of 'matters of public record' without converting the motion into one for summary judgment.").[3]

#### 2. HSBC's Standing to File a Motion to Dismiss

HSBC was not named as a defendant in this action. Rather, Antonucci named HSBC North America Holdings. When it filed its Motion to Dismiss (jointly with Ocwen), HSBC asserted that it was "erroneously sued as HSBC North America

---

[3] The Court denies Antonucci's belated request for judicial notice and notes that consideration of the matters offered by Antonucci would have no bearing on resolution of the pending motions.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                                                         Date: March 4, 2015

Page 7

Holdings." In response, Antonucci claims he intentionally sued HSBC North America Holdings, not HSBC. Therefore, Antonucci claims, HSBC's Motion to Dismiss was improperly brought by a non-party. Given that Antonucci brought this action for the purpose of determining who is the beneficiary under the Deed of Trust, and given that HSBC—not HSBC North America Holdings—is identified on the Assignment of Deed of Trust as the beneficiary, the Court fails to see why Antonucci would intentionally *not* name HSBC as a defendant. Nonetheless, the Court need not resolve this issue because Ocwen and Freddie Mac also move to dismiss the FAC on the same grounds as those advanced by HSBC. As discussed below, the Court finds that the grounds for dismissal asserted by Ocwen and Freddie Mac warrant dismissal of the entire action.

### 3. Res Judicata

In their respective motions, Defendants argue that this action is barred by the doctrine of res judicata. In determining the preclusive effect of a state court judgment, federal courts look to state law. *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002) (quoting *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990)). "Under this doctrine, all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Id.* at 897; *see also Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) ("It is clearly established that a party may not split up a single cause of action and make it the basis of separate suits." (internal quotation marks omitted)).

"Res judicata applies if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Fed'n of Hillside & Canyon Associations v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (2004); *see also Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

Both the First Action, which terminated by a dismissal with prejudice, and the Second Action, which terminated by entry of a judgment against Antonucci, constitute final judgments on the merits for the purpose of applying the doctrine of res judicata. *See*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                              Date: March 4, 2015

Page 8

*Boeken*, 48 Cal. 4th at 793 ("[F]or purposes of applying the doctrine of res judicata . . . a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action."). Thus, the first element is satisfied.

Having determined that the First Action and the Second Action have preclusive effect, the Court "now consider[s] whether the claims brought in [the present action] are based on the same cause of action." *Mycogen*, 28 Cal. 4th at 904. "Res judicata bars the litigation not only of issues that were actually litigated but also issues that *could* have been litigated." *Fed'n of Hillside*, 126 Cal. App. 4th at 1202 (emphasis added).

Whether a prior action involves the same cause of action as the present action is determined under the "primary right theory." *Mycogen*, 28 Cal. 4th at 904. The primary right theory "provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* "[T]he violation of a single primary right gives rise to but a single cause of action." *Id.* "[T]he primary right is simply the plaintiff's right to be free from the particular injury suffered." *Id.*

Antonucci's claims in this case and his claims in his prior lawsuits are based on the same primary right. In each case, Plaintiff challenged the authority of Ocwen to foreclose on his residence and sought a determination of who is the beneficiary under the Deed of Trust. Thus, the identity of claims element is satisfied.

"In order for res judicata to apply, the party against whom the defense is asserted must have been 'a party or was in privity with a party to the prior adjudication.'" *Consumer Advocacy Grp., Inc. v. ExxonMobil Corp.*, 168 Cal. App. 4th 675, 689 (2008). Here, the party against whom the res judicata defense is asserted in this case (i.e., Antonucci) was a party in the First Action and Second Action. Thus, the identity of parties element is satisfied.

Based on the foregoing, Antonucci's claims are barred by the doctrine of res judicata and the Court GRANTS Defendants' respective Motions to Dismiss.

### 4.     Plaintiff's Standing

Defendants also contend that Plaintiff lacks standing to challenge who is the owner of his loan.

Under California law, a borrower may not bring a lawsuit to determine a foreclosing party's authority to proceed with a nonjudicial foreclosure "absent a 'specific

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1542-DOC (ANx)                                                              Date: March 4, 2015

Page 9

factual basis for alleging that the foreclosure was not initiated by the correct party.'" *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 512 (2013), *as modified* (June 12, 2013) (quoting *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011)); *see also Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 82 (2013) ("California courts have refused to allow trustors to delay the nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a foreclosing 'beneficiary' or beneficiary's 'agent.'"). Allowing such a lawsuit "would fundamentally undermine the nonjudicial nature of the [foreclosure] process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." *Gomes*, 192 Cal. App. 4th at 1155.

      Plaintiff challenges HSBC's authority to foreclose on the Property. The factual basis for Plaintiff's challenge is a settlement agreement attached to the complaint. Plaintiff argues that the settlement agreement gives Freddie Mac "the sole right to profit from the beneficial interest in [Plaintiff's] home." Dkt. 21 at 3:17-19. On its face, the settlement agreement does not purport to transfer any interest in Plaintiff's home. Rather, the agreement provides for payment of $1.825 billion by individuals and entities related to Deutsche Bank AG in settlement of a lawsuit filed against them by the Federal Housing Finance Agency. Nothing in the settlement agreement undermines the apparent validity of the recorded Assignment of Deed of Trust, whereby MERS transferred the beneficial interest in the Deed of Trust to HSBC. In short, the settlement agreement does not provide a specific factual basis to justify this Court interjecting itself into the "nonjudicial [foreclosure] scheme enacted by the California Legislature." *Jenkins*, 216 Cal. App. 4th at 513.

      Plaintiff appears to take the position that HSBC is not authorized to foreclose on the loan because of some transaction taking place in the securitization of his mortgage. However, this argument was squarely rejected by the California Court of Appeal in *Jenkins*. *See Jenkins*, 216 Cal. App. 4th at 515-16 ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.").

      Moreover, even if any transfers of interest in the Deed of Trust or Note were invalid, Plaintiff "is not the victim of such invalid transfers because [his] obligations under the note remain unchanged." *See id.* at 515. Plaintiff "may not assume the theoretical claims of hypothetical transferors and transferees for the purposes of showing a 'controversy of concrete actuality.'" *Id.* Additionally, Plaintiff admits that he is in default under the loan. Even assuming an invalid assignment of the Deed of Trust, "there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-1542-DOC (ANx)                                    Date: March 4, 2015

Page 10

is no reason to believe that [the actual beneficiary] would have refrained from foreclosure in these circumstances." *Siliga*, 219 Cal. App. 4th at 85. Consequently, Plaintiff "ha[s] no standing to complain about any alleged lack of authority [to foreclose] or defective assignment." *Id.*

Based on the foregoing, Antonucci lacks standing to assert the claim alleged in the FAC. For this independent reason, the Court GRANTS Defendants' respective motions to dismiss.[4]

### B. Plaintiff's Motion and Ex Parte Application

Plaintiff requests leave to supplement his complaint with additional factual allegations. Dkt. 27. By his proposed supplemental pleading, Antonucci does not purport to assert a new claim against Defendants. Nor could he. *See Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("[L]eave to permit supplemental pleading . . . cannot be used to introduce a separate, distinct and new cause of action" (internal quotation marks omitted)). Because Plaintiff's claim is barred by the doctrine of res judicata and he lacks standing to assert the claim, his request for leave to amend is moot. Therefore, the Court DENIES Plaintiff's motion.

Plaintiff's Ex Parte Application for an Order to Show Cause is also DENIED as moot. Dkt. 34.

### IV. Disposition

For the foregoing reasons, the Court GRANTS Defendants' respective Motions to Dismiss. The FAC is dismissed WITH PREJUDICE. The Court DENIES Plaintiff's Motion for Leave to File Supplemental Pleading and Ex Parte Application for Order to Show Cause as MOOT.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                            Initials of Deputy Clerk: djg
CIVIL-GEN

---

[4] The Court declines to address the other grounds for dismissal advanced by Defendants.